## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ELITE WHEEL DISTRIBUTORS, INC.,

      Plaintiff,                                Case No.:

vs.

ZHEJIANG YUELING CO. LTD.,

      Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, Elite Wheels Distributors, Inc. ("Plaintiff"), by and through its undersigned attorneys, hereby sues Defendant, Zhejiang Yueling Co., Ltd. ("Defendant"), and in support thereof, respectfully states as follows:

### Nature of the Action; Jurisdiction, Venue, & Parties

1.      This is an action for breach of contract and negligent misrepresentation.

2.      Plaintiff is and, at all relevant times, a corporation incorporated under the laws of the State of Florida, United States, having its principal place of business in the State of Florida, United States.

3.      Defendant is an entity incorporated outside of the United States under, on information and belief, the laws of China, with a principal place of business in the State of Zhejiang, China.

4.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), based on complete diversity of citizenship between Plaintiff and Defendant, and because the amount in controversy in this action exceeds $75,000.

1

5.      This Court has personal jurisdiction over Defendant pursuant to the
Florida Long-Arm Statute, § 48.193.  Defendant conducts business inside Florida state
lines, including via an ongoing contractual service relationship with Plaintiff and its
affiliates, for which it has received substantial invoiced compensation from Plaintiff, and
from which the causes of action herein exclusively arise.  Moreover, Defendant
committed breaches, acts, and omissions which caused injury to Plaintiff in Florida, arose
out of Defendant's service activities for Plaintiff, and occurred in connection with
products manufactured by Defendant and used by Plaintiff and its customers in Florida in
the ordinary course of commerce.

6.      Venue is proper in this Court pursuant to either of 28 U.S.C. § 1391(b)(2)
or (3), and 28 U.S.C. § 1391(c)(3).

## Facts Common to All Counts

7.      Plaintiff , including through its affiliated entities, is a Florida-based
designer and distributor of steel/alloy wheels and rims.

8.      Defendant is a Chinese manufacturer of steel/alloy wheels and rims.

9.      Between 2016 and December 2018, Plaintiff and Defendant had an
ongoing services relationship, in which Plaintiff provided Defendant certain exclusive,
proprietary designs (or "molds") of wheels and rims, which Defendant would exclusively
manufacture for and ship to Plaintiff, via a third party shipper, at agreed-on, customary
unit prices and quantities, on order from Plaintiff.

10.      At the time Plaintiff agreed to enter into an ongoing services relationship
with Defendant, Defendant made representations to Plaintiff that it had, at that moment,
(1) the knowledge, experience, expertise, technology, processes, and facilities necessary

2

to consistently and customarily supply Plaintiff with products that are of sufficient quality to render them distributable, suitable, and fit for their intended and particular purposes in Plaintiff's industry; and (2) standards and security procedures in place to safeguard Plaintiff's proprietary designs/molds that were and would be provided to Defendant as part of the manufacturing process.

11.    Including as a result of the above-pled representations by Defendant, Plaintiff determined to enter into an ongoing services relationship with Defendant.

12.    Defendant and Plaintiff agreed and understood, at the time they entered into an ongoing business arrangement, and pursuant to each purchase order submitted by Plaintiff (including via its Chinese purchasing agent), and each invoice submitted by Defendant, that the products manufactured by Defendant for Plaintiff would be (1) manufactured and sold exclusively to Plaintiff, including by virtue of the products being manufactured pursuant to proprietary designs/mold owned and provided to Defendant by Plaintiff; and (2) of sufficient quality to render them distributable, suitable, and fit for their intended and particular purposes in the wheel and rim industry.

13.    Plaintiff and Defendant also agreed and understood that any products manufactured by Defendant for Plaintiff that were, in Plaintiff's judgment, defective, *i.e.*, not of sufficient quality to render them distributable, suitable, and fit for their intended and particular purposes, could be, at Defendant's election and expense, returned or disposed of by Plaintiff, and Plaintiff would receive a full refund for the purchase cost.

14.    Plaintiff has previously identified products manufactured and shipped to it by Defendant as defective; Defendant instructed Plaintiff to dispose of those products,

and Plaintiff and Defendant agreed that Plaintiff's refund would take the form of a credit against Plaintiff's account with Defendant.

15.     In or around November 2018, Defendant invoiced Plaintiff for approximately $132,702.89 of products, as set forth in three invoices, that arrived and were released by the third party shipping company to Plaintiff in Florida.  These products were all defective, including because they were not fit to be sold/distributed to Plaintiff's customers and were not approved for invoicing by Plaintiff.  Plaintiff informed Defendant of the above, but received no refund, credit, or other response.

16.     At various points across 2016, 2017, and 2018, Plaintiff received from Defendant approximately $199,032.52 of wheels and rims that were defective, including because the finish-off sets on the wheels did not match the information on the boxes they came in, or were out of round and therefore materially defective and unsaleable.  Plaintiff informed Defendant of these defects, but received no refund, credit, or other response.

17.     At the outset of their ongoing services arrangement, Plaintiff provided Defendant, per the parties' agreement, a "rolling deposit" for Defendant to hold and use as appropriate to apply against purchase orders and invoices from and for Plaintiff. Plaintiff's present rolling deposit balance should total approximately $100,000, USD; Defendant has only acknowledged less than $30,000 as the rolling deposit.

18.     In or around May 2019, Plaintiff learned that Defendant has, since at least 2017, manufactured and sold its products, *i.e.*, products manufactured according to Plaintiff's proprietary designs/molds – to third parties around the world without Plaintiff's knowledge or approval.

19.     In light of all of the above, Plaintiff alleges the following causes of action:

## Count I
### Breach of Contract

20.     Plaintiff hereby incorporates the allegations in paragraphs 1 through 19 as if fully set forth herein.

21.     This cause of action seeks money damages against Defendant for breach of contract.

22.     Plaintiff entered into an ongoing services arrangement with Defendant, which continued throughout 2016-2018.  This arrangement included express and implied duties, warranties, and performance obligations for Defendant, including as set forth in purchase orders, invoices, and at paragraphs 12-13 herein.

23.     Defendant materially breached its duties, warranties, and performance obligations to Plaintiff set forth in purchase orders, invoices, and at paragraphs 12-13 herein, including via conduct pled at paragraphs 15-18 herein.

24.     These breaches directly and proximately damaged Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant for compensatory and consequential damages, in an amount to be determined at trial, as well as interest, costs, and for such other relief as this Court may deem just and proper.

## Count II
### Negligent Misrepresentation

25.     Plaintiff hereby incorporates the allegations in paragraphs 1 through 19, as if fully set forth herein.

26.     Defendant made false statements concerning material facts, including as set forth in paragraph 10 herein.

27.     Defendant believed these false statements to be true, but they were in fact false.

28.     Defendant should have known these statements were false, and Defendant was therefore negligent.

29.     Defendant intended Plaintiff would rely on these false statements.

30.     Plaintiff justifiably relied on these false statements.

31.     Plaintiff did not discover these statements were false until no earlier than 2016, when defects in the products ordered and received by Plaintiff from Defendant grew in frequency to such a degree as to become customary.

32.     The false statements were a legal cause of damage to Plaintiff.

33.     Plaintiff suffered damages as a result.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant for compensatory and consequential damages, in an amount to be determined at trial, as well as interest, costs, and for such other relief as this Court may deem just and proper.

## **Trial by Jury**

Plaintiff requests trial by jury for all counts herein alleged so triable.

Dated:  July 4, 2019                                    Respectfully submitted,

LEIGHTON LEIB                                          DAVID KNOX
Florida Bar No. 011926                                 Florida Bar No. 0093779
dknox@knoxleib.com                                     lleib@knoxleib.com
**KNOX♦LEIB, PLLC**                                    **KNOX♦LEIB, PLLC**

420 W. Platt Street
Tampa, Florida 33606
(813) 251-1844

*Attorneys for Plaintiff*

7